IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUSTIN OLSEN; and ROBERT SINGLETON, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 06-4002-CV-C-NKL |
| v. | ) ) |
| CITY of LAKE OZARK, MISSOURI; WALLY SCHROCK; and ROBERT ASHFORD, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

ORDER

Pending before the Court is Defendants Wally Schrock, Robert Ashford, and the City of Lake Ozark's (hereinafter "the Defendants") Motion to Dismiss [Doc. #14]. For the reasons set forth below, the Motion to Dismiss is denied.

**I.  Background**

   **A.  Factual Background**

Plaintiffs allege the following facts in their Complaint, which the Court assumes as true for the purposes of resolving the Motion to Dismiss. *United States ex. rel. Joshi v. St. Luke's Hospital, Inc.*, 441 F.3d 552, 555 (8th Cir. 2006). Plaintiffs Justin Olsen and Robert Singleton entered into a contract to lease a property in Lake Ozark, Missouri, from October 15, 1998 to November 16, 2003. Plaintiffs operated a motel and restaurant, the Continental Inn, on that property. Despite Plaintiffs' open and obvious possession and use of the property, Defendant

1

Rudy Rodriquez ("Rodriquez") attempted to lease the same property from the owner on at least one occasion in October of 2000. On October 18, 2000, Defendants Michael Luby ("Luby") and Rodriquez posted invalid eviction notices throughout the Continental Inn. In addition, Luby and Rodriquez prompted Defendant City officials, Wally Schrock ("Schrock") and Bob Ashford ("Ashford"), to inspect the motel and restaurant on three occasions, and to present Plaintiffs with three separate lists of violations. Finally, despite Plaintiffs' immediate effort to correct the alleged violations, on January 8, 2001, Schrock and Ashford posted condemnation signs throughout the inn, effectively shutting it down by force. Defendants performed these acts without justification or excuse.

  **B.**   **Procedural History**

Plaintiffs filed their four count Complaint in federal court on January 5, 2006, alleging that the Defendants have violated their United States constitutional rights by effectively shutting down Plaintiffs' motel and restaurant. The Plaintiffs allege that this unconstitutional conduct began in October of 2000 and continued through January 8, 2001.

**II.**   **Motion to Dismiss**

In their Motion to Dismiss, the Defendants seek dismissal on four separate grounds: (1) claim preclusion; (2) issue preclusion; (3) abstention; and (4) statute of limitations.

  **A.**   **Res Judicata (Claim Preclusion and Issue Preclusion)**

In their Motion to Dismiss the Defendants allege, without evidentiary support, that the Plaintiffs have previously filed suit against the Defendants in Miller County Circuit Court concerning the same dispute that they raise in their federal Complaint. According to Plaintiffs, the Miller County Court has granted summary judgment to Defendant City of Lake Ozark on

sovereign immunity grounds and summary judgment to Defendants Schrock and Ashford on official immunity grounds. Based on these unsupported allegations, the Defendants seek dismissal of all the Plaintiffs' claims because they are barred by issue and claim preclusion.

While the Defendants have alleged that the Plaintiffs unsuccessfully pursued the same claims in state court that Plaintiffs now assert in federal court, Defendants have not attached the Miller County petition or judgment which they describe in their Motion to Dismiss. Nor is there any mention of the Miller County case in the Plaintiffs' Complaint.

Res Judicata is an affirmative defense. *See,* Fed. R. Civ. P. 8. A motion to dismiss cannot be based on an affirmative defense unless the affirmative defense is established on the face of the Plaintiff's Complaint. *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). *Also see,* Wright & Miller, 5 *Federal Practice and Procedure Civil* 3d §1277. However, a motion to dismiss can be converted into a motion for summary judgment if affidavits or other appropriate evidentiary material is attached. *Carter v. Stanton*, 405 U.S. 669, 671 (1972); *Court v. Hall County, Nebraska*, 725 F.2d 1170, 1172 (8th Cir. 1984); *Evans v. McDonnell Aircraft Corp.*, 395 F.2d 359, 361 (8th Cir. 1968); *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3rd Cir. 1997).

In this case, the Defendants did not attach to the Motion to Dismiss any evidentiary support for their res judicata allegations. When the affirmative defense of res judicata is raised in a motion to dismiss but the facts supporting the defense appear neither in the plaintiff's complaint nor in evidence outside the pleadings, it would be error to grant the motion to dismiss. *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). While the Defendants may very well have a basis for their res judicata defense, without the Miller County Petition and any relevant

3

judgment, the Court is unable to determine the validity of this defense.[1]

        **B.**    *Younger* **Abstention**

The Defendants also urge the Court to abstain from hearing this case because it is more properly addressed in state court. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court established the rule that, in the absence of unusual circumstances, a federal court cannot interfere with a pending state criminal prosecution. *Id.* This rule was meant to prevent federal decisions that may hinder state prosecutions as well as inconsistent results that would place judicial legitimacy in doubt. Although initially the *Younger* doctrine was applicable only in criminal suits, it has been expanded to cover certain civil proceedings. The first expansion occurred in *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), a case involving a public nuisance created by a theater showing obscene films. The theater was sued by the state in state court under public nuisance statutes. The Plaintiff theater-owner brought an action for declaratory and injunctive relief in federal court. *Younger* abstention was invoked because the statutes controlling public nuisance were so similar to criminal statutes regulating the distribution of obscene materials; the Supreme Court felt that a federal ruling on this case may hinder state proceedings and offend important state interests. *Id.* at 604.

A series of cases followed, each one extending the applicability of *Younger* abstention further into the civil arena, including cases involving state contempt proceedings, welfare and child custody policies, and attorney discipline policies. *See Juidice v. Vail*, 430 U.S. 327 (1977);

---

[1]Because state court pleadings and judgments are part of the public record, they may be attached to a motion to dismiss and relied on. This does not convert the motion to dismiss to one for summary judgment. *See Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002).

*Trainor v. Hernandez*, 431 U.S. 434 (1977); *Moore v. Sims*, 442 U.S. 415 (1979); *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982).

In *Middlesex*, the Court explained, "[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature," or that the proceedings are "necessary for the vindication of important state policies or for the functioning of the state judicial system." *Middlesex*, 457 U.S. at 432. Thus, the application of *Younger* abstention to a civil case requires that 1) there are state proceedings pending; 2) important state interests are implicated in those proceedings; and 3) there was adequate opportunity in the state proceedings for the federal plaintiffs to raise constitutional challenges. *Night Clubs, Inc. v. City of Fort Smith, Arkansas*, 163 F.3d 475, 479 (8th Cir. 1998).

Because the record does not show the claims raised in the Miller County Court or that the case is still pending, it is impossible to determine whether *Younger* Abstention is appropriate.

**D.     Statute of Limitations**

The Defendants assert that Plaintiffs' claims are barred by the applicable statute of limitations. It is well established in Missouri that §1983 claims are subject to a five-year statutory period. *Farmer v. Cook*, 782 F.2d 780 (8th Cir. 1986). According to the Plaintiffs' Complaint, the Defendants' conduct that gives rise to this suit occurred between October 27, 2000 and January 8, 2001. The Plaintiffs filed this suit on January 5, 2006. Thus, much of the alleged unconstitutional conduct occurred outside the statute of limitations. However, the continuing violation principle allows for past incidents that are part of an ongoing pattern or practice to be addressed in a lawsuit which involves an incident that did occur within the

5

statutory period. *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1304 (8th Cir. 1997). Because the Plaintiffs have alleged constitutional violations that occurred repeatedly from October 27, 2001 to January 8, 2001, and that they were part of an "ongoing conspiracy," the continuing violation principle applies.

**III.    Conclusion**

Accordingly, it is hereby

ORDERED that the Defendants' Motion to Dismiss [Doc. #14] is DENIED.


                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated:  August 8, 2006
Jefferson City, Missouri