IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT SINGLETON and JUSTIN OLSEN, | ) ) ) |
| Plaintiffs, | ) ) Case No. 06-4002-CV-C-NKL |
| v. | ) ) |
| CITY of LAKE OZARK, MISSOURI; WALLY SCHROCK; ROBERT ASHFORD; and MICHAEL LUBY, | ) ) ) ) |
| Defendants. | ) ) |

ORDER

Plaintiffs Robert Singleton and Justin Olsen ("Plaintiffs") bring this civil rights lawsuit against Defendants City of Lake Ozark ("the City"), Wally Schrock, Robert Ashford, and Michael Luby for several city inspections leading to the shutdown of the Continental Inn, a hotel and restaurant run by Plaintiffs. All Defendants have moved for summary judgment.

**I.     Factual Record**

Set forth below are the facts which a reasonable juror could find based on the evidence before the Court. In 2000, Singleton and Olsen operated the Continental Inn, a building on the Bagnell Dam strip of the City which Singleton leased from Ed Evans. Although he was not an elected official or otherwise employed by the City at any time relevant to this law suit, Michael Luby brought eviction notices to the Continental Inn in early October 2000 and urged Plaintiffs to vacate the premises. When Plaintiffs refused, Luby insinuated that he would have City

1

officials shut the business down.

Later that month, City inspector Ashford conducted the first of five inspections of the Continental Inn which noted several violations of the City code. Following the first of these inspections, the City Administrator Schrock sent a letter to Ed Evans on October 16, 2000, informing him of the code violations. Schrock sent a subsequent letter on October 30, 2000, instructing Evans to "vacate and repair, or vacate and demolish the building" within 30 days. On November 30, 2000, the Missouri Department of Health conducted a Lodging Establishment Inspection Report at the Continental Inn. The state inspector noted noncompliance with local ordinances related to fire safety, electrical wiring, swimming pools, and sanitation. The state inspector did not approve the property for operation.

Schrock notified Singleton by letter on December 29, 2000, that the City was "extremely concerned about the dangerous electrical problems" at the Continental. By letter of January 2, 2001, the City informed Singleton that the building was "dangerous to the life, safety and health of the guests and residents." Singleton was instructed to make certain changes and take certain actions by January 8, 2001. Another letter was sent on January 3, 2001, stating that "(w)hen all of the problems are fixed, you may again open the rooms and the restaurant for business." A final letter sent January 8 informed Singleton that he had to vacate the building by January 16 until all the problems noted in the inspections were corrected. Singleton subsequently evicted all remaining tenants.

**II.    Discussion**

Plaintiffs bring this one-count suit under 42 U.S.C. § 1983 alleging that Ashford and Schrock conspired with Luby to shut down the Continental and evict Plaintiffs so that Luby and

2

another man named Rudy Rodriguez could take over control of the property.  However, other than their own affidavits, which simply repeat the allegations of the Complaint, Plaintiffs have adduced no evidence of any conspiracy, nor any evidence suggesting that the inspections which led to the closure of the Continental Inn were inaccurate or done in bad faith.  In short, Plaintiffs have produced no evidence from which a reasonable juror could find that any of the Defendants acted under color of law to deprive them of any right secured by the Constitution and laws of the United States.

      **A.**      **Claims Against the City**

A municipality may only be held liable under 42 U.S.C. § 1983 for constitutional violations which result from a policy or custom of the municipality.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978);  *Scheeler v. City of St. Cloud*, 402 F.3d 826, 832 (8th Cir. 2005).  To show the existence of an unconstitutional policy for § 1983 purposes, the plaintiff must demonstrate "a deliberate choice to follow a course of action . . . made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy."  *Ware v. Jackson County*, 150 F.3d 873, 880 (8th Cir. 1998) (alterations and internal quotations omitted).  To show the existence of an unconstitutional custom for § 1983 purposes, the plaintiff must demonstrate (1) a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) proof that the custom was the moving

force behind the constitutional violation.  *Id.*

As Plaintiffs have offered no evidence of any unconstitutional policy or custom, summary judgment must be granted to the City.

### B. Claims Against Ashford and Schrock in their Official Capacities

"A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Audio Odyssey, Ltd. v. Brenton First National Bank*, 245 F.3d 721, 741 (8th Cir. 2001) (A suit against the sheriff in his official capacity "is a suit against the municipality he serves."); *see also Rogers v. City of Little Rock*, 152 F.3d 790, 800 (8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city, and it requires the same showing that a policy or custom caused the violation.").  As the Court has concluded that Plaintiffs may not hold the City liable under 42 U.S.C. § 1983 absent a showing of some unconstitutional policy or custom, summary judgment must be granted to Ashford and Schrock in their official capacities as well.

### C. Claims Against Ashford and Schrock in Their Individual Capacities

Plaintiffs' Suggestions in Opposition spend considerable time responding to Defendants' res judicata, statute of limitations, and qualified immunity arguments; however, they fail to assert any basis for finding an underlying constitutional violation which would warrant relief under Section 1983.  In their Complaint, Plaintiffs allege that the inspections and subsequent orders to vacate the premises violated the Equal Protection and Due Process clauses of the Fourteenth Amendment, but they have offered no evidence supporting those allegations.  Indeed, Olsen does

4

not even appear to have a property interest in the Continental Inn.  In any event, Defendants have demonstrated both that there are no genuine issues of material fact related to Plaintiffs' claims and that they are entitled to judgment as a matter of law.

### D. Claims against Luby

Plaintiffs have produced evidence that Luby tried to get them to vacate the Continental Inn and threatened that if they did not do so, he would have City officials shut the hotel down.  However, Plaintiffs have produced no evidence that Luby was acting under color of law at the time or that he had any authority over City inspectors.  Nor have Plaintiffs produced any evidence that the subsequent inspections were inaccurate or conducted in bad faith, or that Luby conspired with Ashford or Schrock to conduct the inspections.  In short, there is no evidence that Luby deprived Plaintiffs of any right secured by the Constitution or laws of the United States.  Summary Judgment is therefore warranted in his favor.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Motions for Summary Judgment [Docs. ## 54 and 59] are GRANTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  March 6, 2007
Jefferson City, Missouri