IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT SINGLETON and JUSTIN OLSEN, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:06-cv-4002 |
| v. | ) ) | |
| CITY of LAKE OZARK, MISSOURI; WALLY SCHROCK; ROBERT ASHFORD; and MICHAEL LUBY, | ) ) ) ) | |
| Defendants. | ) | |

ORDER

On March 3, 2007, the Court granted summary judgment to all Defendants and entered a Clerk's Judgment closing the case. On March 29, Plaintiffs filed a Motion under Rule 60 seeking relief from that final judgment and from the Court's February 12, 2007 Order granting them leave to amend their Suggestions in Opposition to Summary Judgment [Doc. # 79] at a price they were unwilling to pay. Also pending before the Court are Defendant Luby's Motion for Attorney's Fees [Doc. # 75] as well as a similar motion [Doc. # 77] filed by the other Defendants. For the reasons set forth below, the Court denies all the motions.

**I  Motion for Relief from Judgment**

Plaintiffs seek relief under Fed. R. Civ. P. 60 from the Court's February 12, 2007 Order granting them leave to amend their Suggestions in Opposition to Summary Judgment [Doc. # 69] and from the Summary Judgment Order itself [Doc. # 73]. Rule 60(a) permits corrections of

1

clerical mistakes. Rule 60(b) provides that

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiffs allege neither clerical mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, a void judgment, nor satisfaction or release. Rather they "take exception to the Court's Order of February 12, 2007" which, in turn, is their basis for seeking relief from the Summary Judgment Order.

In the February 12, 2007 Order, the Court granted Plaintiffs leave to amend their Suggestions in Opposition to Summary Judgment to include late deposition testimony from Herb Llewellyn, a former city manager; however, due to the briefing delay caused by Plaintiffs' late deposition, the Court shifted to Plaintiffs any attorneys' fees incurred by Defendants in amending their replies. The Order gave Plaintiffs two days to file their amended Suggestions, but they never did. Although the Defendants filed amended Reply Suggestions out of an abundance of caution, the Court did not require Plaintiffs to pay any fees for these amended Replies because they chose not to amend their Suggestions in Opposition.

Plaintiffs take exception to the February 12 Order because they claim that they could not afford the fees the Court imposed as the price for amending their Suggestions, because a Reply is not a compulsory pleading, and because they claim Llewellyn's testimony would have averted summary judgment. It is unclear from the Motion how Llewellyn's testimony would have

2

changed the outcome of the case since Plaintiffs do not indicate what his testimony would have been. Moreover, the Plaintiff's were given the right to introduce the evidence upon payment of Defendant's costs but elected not to. That they could not afford the price tag the Court placed on forgiving their delay is immaterial. Plaintiffs cannot now complain that they weren't given the opportunity to introduce evidence when they requested and received permission to do so.

In any event, none of the grounds for which Plaintiffs seek relief from either the February 12 Order of the March 6 Summary Judgment Order are grounds for relief contemplated by Rule 60(a) or (b). The Motion is therefore denied.

**II.     Fees**

Defendants have filed separate motions for attorneys' fees. Although parties generally bear their own costs of litigation, Congress has provided a statutory mechanism for recovering attorneys' fees in civil rights cases: "In any action or proceeding to enforce [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988. If a defendant other than the United States prevails, he may recover fees under Section 1988, but the Eighth Circuit has held that he may do so only upon "well-supported findings" that the lawsuit was "frivolous, unfounded, and vexatiously brought and pursued." *Davis v. Charleston,* 917 F.2d 1502, 1503 (8th Cir. 1990). *See also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *American Family Life Assur. Co. of Columbus v. Teasdale*, 733 F.2d 559, 569 (8th Cir. 1984); *Obin v. District No. 9 of the Int'l Ass'n of Machinists and Aerospace Workers*, 651 F.2d 574, 577 (8th Cir. 1981). Citing *Christiansburg, Teasdale* and *Obin*, the Eighth Circuit has set the bar rather high for prevailing defendants, upholding attorneys' fee awards only where there is "a

3

complete lack of merits in the plaintiff's claims." *Davis*, 917 F.2d at 1504.

In their respective Motions, the Defendants charge that the case brought by Plaintiffs was frivolous and unfounded because they previously brought a nearly identical case in state court only to dismiss it after an adverse discovery ruling. In fact, the prior state court proceeding was the subject of an earlier motion to dismiss this case; however, the Court denied that motion because the Defendants failed to offer any evidence from the prior state court proceeding, any pleadings from that case, or any orders which might have been the basis for collateral estoppel.

Defendants also contend that the case is frivolous because Plaintiffs were unable to produce any evidence of a conspiracy by the Defendants to deprive them of constitutional rights despite the opportunity to conduct extensive discovery both in the state court proceeding and in federal court. But the inability to adduce evidence during discover does not automatically entitle a defendant to prevailing party attorneys' fees in a civil rights case. Indeed, it is not uncommon for civil rights plaintiffs to be unable to prove their claims, particularly in conspiracy cases, but that inability, even after adequate discovery, does not make a case frivolous.

Plaintiffs were urged to abandon their lease at the Continental Inn by Michael Luby and when they failed to do so he insinuated that he could force them out. A short while later, the city inspector found several defects on the property which ultimately led to the eviction of all tenants and the loss of Plaintiffs' lease. It was not frivolous–indeed, it was not even unreasonable–for Plaintiffs to connect these events causally in their minds. That they were ultimately unable to survive summary judgment means only that they could not prove their case. It does not mean the case was wholly unfounded or that Plaintiffs were vexatious in bringing it. Moreover, the record suggests that Defendants could have prevented the incursion of many of the legal fees they now

4

seek to recover had they been more effective in their motions to dismiss.  The Court noted in its summary judgment order that Plaintiff Olsen does not seem to have any property interest in the Continental Inn, and yet none of the Defendants filed a motion to dismiss him for lack of standing.  As for the motion to dismiss that Defendants did file, no information about the state court proceeding which might have led to collateral estoppel was ever presented to the Court.

Defendants have failed to meet their burden to provide any evidence to form the basis of well-supported findings that Plaintiffs' case was frivolous, unfounded, vexatiously brought and pursued, or suffered from a complete lack of merits.  The Motions for prevailing party attorneys' fees are therefore denied.

### III.     Conclusion

Accordingly, it is hereby

ORDERED that Plaintiffs Motion for Relief from Judgment and Order  [Doc. # 79] is DENIED.  It is also

ORDERED that Defendants Motions for Attorneys' Fees [Docs. # 75, 77] are DENIED.

 s/NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated:   June 12, 2007
Jefferson City, Missouri

5